RENDERED:  SEPTEMBER 12, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0790-MR

GREATER HARVEST MISSIONARY
BAPTIST CHURCH                                                                    APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE MELISSA L. BELLOWS, JUDGE
ACTION NO. 22-CI-401431

COMMONWEALTH OF KENTUCKY;
CLARA ROSE SCHEITLIN; AND
COUNTY OF JEFFERSON AND
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT BY AND ON
RELATION OF HOLLY M.
JOHNSON, SECRETARY OF THE
FINANCE AND ADMINISTRATION
CABINET                                                                             APPELLEES

OPINION
REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Greater Harvest Missionary Baptist Church

appeals from an order of the Jefferson Circuit Court which it believes denied its

motions to intervene and to vacate a previous order. We believe the order on appeal is unclear; therefore, we remand and instruct the trial court to clarify its order.

## FACTS AND PROCEDURAL HISTORY

This is a foreclosure action concerning real property located at 2910 West Kentucky Street, Louisville, Kentucky. On December 28, 2022, the Commonwealth and other governmental entities filed an action seeking to sale the Louisville property at issue for failure to pay property taxes. According to the deed available to the government, the property was owned by Russell Parrish, who was deceased. The government entities brought the underlying suit against any spouse or heirs of Mr. Parrish. There was no response to the complaint.

On May 3, 2023, the court ordered that the property be sold at a judicial sale. The matter was forwarded to the master commissioner who then conducted the sale. Clara Rose Scheitlin bought the property at the sale for $500. This purchase was confirmed and accepted by the court on August 3, 2023.

On February 23, 2024, Appellant moved to intervene in the action and sought to vacate the sale pursuant to Kentucky Rules of Civil Procedure (CR) 60.02(f), the catchall provision. Appellant is a church that is located next to the property at issue and claimed to have purchased the property from Mr. Parrish in 2001 but neglected to file the deed with the county clerk. Sometime after 2001, the

house that was on the subject property was demolished and the church began using the vacant lot as a parking lot. Ms. Scheitlin is a member of the church and the neighbor on the other side of the property at issue. Eventually Appellant was informed that Ms. Scheitlin had purchased the property at a judicial sale.

The circuit court referred the matter to the master commissioner for a hearing. The commissioner was to then write a report and make recommendations for the court. A hearing was held on May 22, 2024. On May 23, 2024, Appellant filed a supplemental motion to set aside the sale based on CR 60.02(b) arguing that there was newly discovered evidence. During the hearing with the commissioner, it was revealed that Ms. Scheitlin filed her deed to the property about five months after the sale. Guidelines set forth by the commissioner require the deed be filed within five days after sale. Appellant argued that by not filing the deed within five days the sale should be set aside. Ms. Scheitlin objected to the new motion.

On June 3, 2024, a hearing was held before the court on the issue of the supplemental motion. Attorneys for Ms. Scheitlin and the Commonwealth both argued that the five-day guideline is not a rule or statutory requirement and that only the Commonwealth, and not a third party, could seek to set aside the sale based on a failure to adhere to the guideline. The master commissioner herself was also at the hearing and made the same argument. The court took the issue under advisement.

As part of its supplemental motion to set aside, Appellant filed a proposed order with the court which granted the motion. On June 4, 2024, the court wrote on the proposed order the following: "DENIED. Only [the Commonwealth] has the remedy regarding the Master Commissioner procedural rules. [The Church's] motion is meritless, and [the Church] lacks standing to move for sale to be set aside here." This appeal followed.

## ANALYSIS

As previously stated, Appellant moved to intervene in this case and moved to set aside the judicial sale pursuant to CR 60.02(b) and (f). CR 60.02 states:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

-4-

Before briefing began in this case, Ms. Scheitlin moved to dismiss the appeal. She argued that the order being appealed from was interlocutory because it only denied the supplemental motion to set aside the sale pursuant to CR 60.02(b), but did not rule on the motion to intervene or the original CR 60.02(f) motion. Appellant responded and argued that the order did rule on all issues. A previous panel of this Court agreed with Appellant and denied the motion to dismiss.

After further review of the record, we believe the order on appeal is not clear and we must remand for clarification. The order on appeal was entered the day after a hearing which concerned only the supplemental motion which was brought pursuant to CR 60.02(b) and revolved around the commissioner's guideline for timely filing the deed. The order on appeal was also written on a proposed order which also referred to Ms. Scheitlin's failure to adhere to the five-day filing guideline. Finally, the original motion to intervene and set aside the sale was referred to the master commissioner so the commissioner could file a report and make recommendations to the court. No such report had been filed at the time this appeal was filed. All of this suggests that the order at issue concerned only the supplemental motion and the filing guideline, and not the original CR 60.02(f) motion and the motion to intervene. On the other hand, the order does mention Appellant lacking standing, which could implicate the motion to intervene having been considered. We also note that the briefs of Appellant and Ms. Scheitlin both

state that the order on appeal is unclear as to whether it resolved all issues or merely concerned the supplemental motion.

## **CONCLUSION**

Based on the foregoing, we remand this case to the circuit court and instruct the court to clarify whether the order denied the motion to intervene and the motions pursuant to CR 60.02(b) and (f) or only concerned the supplemental motion brought pursuant to CR 60.02(b). If the order only addressed the supplemental motion, then it was interlocutory and not final and appealable. *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 886 (Ky. 2009). If it resolved all pending motions, then the court should clarify as such, and the order would be ripe for appeal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Myrle L. Davis
Louisville, Kentucky

BRIEF FOR APPELLEE CLARA
ROSE SCHEITLIN:

Michael T. Connelly
Louisville, Kentucky

NO BRIEF FOR APPELLEE THE
COMMONWEALTH OF
KENTUCKY.

NO BRIEF FOR APPELLEE
COUNTY OF JEFFERSON AND
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT
BY AND ON RELATION OF
HOLLY M. JOHNSON,
SECRETARY OF THE FINANCE
AND ADMINISTRATION
CABINET.